The decision below is hereby signed.

Date signed March 08, 2006



**S. MARTIN TEEL, JR.**
**U. S. BANKRUPTCY JUDGE**
SITTING BY DESIGNATION

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| RALPH T. BYRD and BEVERLY S. | ) | Case No. 04-35620-NVA |
| BYRD, | ) | (Chapter 13) |
| | ) | (Substantively Consolidated |
| Debtors. | ) | Cases) |

### DECISION RE MOTION TO RECONSIDER ORDER DISMISSING AS MOOT DEBTORS' EMERGENCY MOTION FOR PROTECTIVE ORDER

James M. Hoffman and his law firm, Shulman, Rogers, Gandal, Pordy & Ecker, P.A., and Gregory P. Johnson, administrative creditors in this case ("Movants"), have moved for reconsideration of this court's order dismissing as moot the debtors' Emergency Motion for Protective Order.  The Movants ask the court to vacate that order, to enter an order denying the Emergency Motion for Protective Order, to award costs related to the debtors' failure to comply with discovery, and to compel the debtors to produce documentation which was sought by the Movants' discovery.

As discussed below, the Emergency Motion for Protective Order truly became moot, and the Movants' motion only adds to the

procedural morass that this case has become by seeking a variety
of relief that would not be germane to a vacating of the prior
order and a denial of the Emergency Motion.  The court will deny
the motion to reconsider without prejudice to the Movants
pursuing such various relief via independent motions.

The Emergency Motion is moot as no ruling on that Emergency
Motion could result in any relief in favor of the Movants.  Had
the Movants filed an opposition to the Emergency Motion for
Protective Order and incurred attorney's fees and expenses in so
doing, they might have been entitled to a ruling on the Emergency
Motion because a denial of the Emergency Motion might have
entitled them to recover such fees and expenses.  F.R. Civ. P. 26
(c) (last sentence) and 37(a)(4)(B).  But the Movants filed no
opposition.

The actual relief the Movants seek, albeit not moot, is
relief that ought to be sought independent of an opposition to
the Emergency Motion: denying the Emergency Motion would not
entitle them to such relief.

First, to the extent that the Movants seek to take discovery
pending any appeal by the debtors, they should file a motion
under F.R. Civ. P. 27.  The standards for taking discovery
pending appeal differ from the standards for taking pretrial
discovery.

2

Second, the Movants ought to pursue by independent motion their request to recover attorney's fees and costs incurred by reason of the debtors' non-attendance at the depositions which the Emergency Motion for Protective Order sought to prevent. The Movants urge that because the court had not ruled on the Emergency Motion prior to the scheduled time of the depositions, the Emergency Motion provided no excuse for the debtors' not attending the depositions, thus entitling them to recover attorney's fees and expenses. If that is the case, a ruling on the Emergency Motion is unnecessary in order to decide the Movants' right to recover such fees and costs.

Third, the Movants seek recovery of attorneys fees and expenses that arose out of discovery matters independent of the failure to appear for depositions on January 23 and 24, 2006, the subject of the Emergency Motion. Obviously the Movants should pursue the recovery of such fees and expenses via independent motions.

An order follows.

[Signed and dated above.]

Copies to: Debtors; Richard L. Gilman; James M. Hoffman; Gregory P. Johnson; Timothy P. Branigan.