IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| RALPH T. BYRD, *et al.* | * | |
| Appellants, | * | |
| v. | * | Civil Action No. AW-05-2389 |
| GREGORY P. JOHNSON, *et al.* | * | |
| Appellees. | * | |

\* \* \* \* \*

**MEMORANDUM OPINION**

This appeal arises from several orders of the United States Bankruptcy Court for the District of Maryland (the "Bankruptcy Court"). In particular, Appellants Ralph T. Byrd and Beverly S. Byrd ("Appellants" or "the Byrds") contend that the Bankruptcy Court erred (1) when it appointed a Chapter 11 trustee immediately after converting their case from Chapter 7 to Chapter 11; (2) when it permitted the Chapter 11 trustee to show the Byrds' property to prospective buyers on twenty-four hours' telephonic notice; (3) when it granted the administrative claims of Gregory P. Johnson ("Johnson"), the Chapter 11 trustee and Shulman, Rogers, Gandal, Pordy & Ecker, P.A. ("Shulman Rogers"), the special counsel for the trustee (together, "Appellees"); and (4) when it awarded attorneys' fees to the Chapter 7 trustee. Appellees filed a Motion to Dismiss for Lack of Jurisdiction pursuant to 28 U.S.C. § 158 (a) [4]. In response, the Byrds filed an Opposition to Motion to Dismiss Appeal and an Emergency Motion to Strike as Moot Appellees' Motion to Dismiss Appeal [14]. This Court has reviewed the entire record, as well as the Pleadings with respect to the appeal. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons that follow, this

1

Court will grant Appellees' motion and dismiss the appeal.

**I.      FACTUAL & PROCEDURAL BACKGROUND**

The appellant, Ralph Byrd, is a Maryland attorney who is acting *pro se* in this matter. On December 14, 2001, Mr. Byrd was forced into an involuntary Chapter 7 bankruptcy. Roger Schlossberg was appointed the Chapter 7 trustee, and Shulman Rogers was appointed special counsel. Throughout the course of the bankruptcy proceeding, Mr. Byrd strenuously challenged the trustee's administration of the estate. The case was appealed up to the Fourth Circuit, *see In re Ralph T. Byrd*, 357 F.3d 433 (4th Cir. 2004), and remanded back to the Bankruptcy Court.

On June 25, 2004, when the Chapter 7 case was pending, Mr. Byrd voluntarily converted his Chapter 7 case to Chapter 11. On July 23, 2004, Johnson was appointed the Chapter 11 trustee. Shortly after, Shulman Rogers was again appointed special counsel for Johnson. Like the previous trustee, Johnson encountered difficulty in administrating the estate.[1] Johnson had to file multiple motions to seek a Writ of Assistance to gain access to the property. Nevertheless, Johnson successfully obtained an offer from a prospective buyer and arranged to sell the property before December 1, 2004.

At that time, Mr. Byrd attempted to convert the case for the second time. On November 11, 2004, his wife, Beverly Byrd, filed a petition under Chapter 13 of the Bankruptcy Code. The petition was granted, and Mr. Byrd's Chapter 11 case was consolidated into his wife's Chapter 13 case upon consent. However, the Byrds' Chapter 13 plan was denied on January 20, 2006. The case was subsequently converted back into Chapter 7 on March 20, 2006.

---

[1] For example, when Johnson attempted to show the property to a prospective purchaser, he was allegedly assaulted by Mr. Byrd's unrestrained doberman pinscher.

The two orders in dispute today are the Bankruptcy Court's orders granting compensation claims brought by Johnson and Shulman Rogers. After the case was converted into Chapter 13, Johnson filed his first and final administrative claim, seeking compensation and reimbursement for his service as the Chapter 11 trustee. At the same time, Shulman Rogers filed its administrative claim, requesting compensation for legal service rendered in both the Chapter 7 and Chapter 11 cases. Both claims were granted by the Bankruptcy Court despite the Byrds' objections.

## II.  ANALYSIS

### A.  Appointment of Chapter 11 Trustee

The first issue raised in this appeal is whether the Bankruptcy Court committed an error by appointing a Chapter 11 Trustee immediately upon the conversion of this case to Chapter 11. The Byrds argue that by doing so, the Bankruptcy Court improperly shortened the time for the Byrds to reorganize the assets of the bankruptcy estate (Appellants' Br. 35). The same issue has been appealed to this Court before Judge Motz, who ruled that although the Byrds reserved the right to challenge the propriety of the Chapter 11 trustee's fees, the issue of his appointment had already become moot. *See* April 14, 2005 Hearing Transcript at 9. Because this issue has previously been decided, this Court sees no reason to revisit it now.

### B.  Administrative Expense Awards

The second question is whether the Bankruptcy Court committed an error in granting the compensation claims filed by the Chapter 11 trustee and his special counsel. Although it was agreed in the previous appeal that the Byrds reserved the right to challenge such awards, this Court must determine whether it has jurisdiction to review the Bankruptcy Court's orders at this time.

Section 158(a)(1) of the Bankruptcy Code gives district courts jurisdiction to hear appeals

3

"from final judgments, orders, and decrees," and with leave of the court, "from other interlocutory orders and decrees" entered by bankruptcy courts. 28 U.S.C. § 158(a)(1). Appellants have not requested "leave" of this Court to review the Bankruptcy Court's orders. Thus, this Court's jurisdiction depends on whether the Bankruptcy Court's fee-award orders are final or interlocutory.

With regard to awards of compensation, the Fourth Circuit has held that "an *interim* award of compensation granted by a bankruptcy court in an ongoing bankruptcy proceeding generally is an interlocutory order not subject to review." *In re Computer Learning Centers, Inc. v. Guberman*, 407 F.3d 656, 660 (4th Cir. 2005) (quoting *In re Boddy*, 950 F.2d 334, 336 (6th Cir. 1991). Interim awards of fees for trustees or attorneys become "final"orders when the underlying action is concluded and the interim fee order is no longer subject to modification by the bankruptcy court. *Id.*

Converting a case from Chapter 13 to Chapter 7 does not "conclude" the underlying action. When a bankruptcy court denies confirmation of a Chapter 13 plan and converts the case into another Chapter, the bankruptcy court has tasks remaining to be performed after conversion. *McConnell v. NWA Credit Union*, 303 B.R. 169, 172 (B.A.P. 8th Cir. 2003). In the case at bar, there are numerous motions pending in the Bankruptcy Court. The underlying action is far from being concluded.

Furthermore, the amounts of the awards may be subject to further modification. In a Chapter 7 case, trustee compensation is subject to statutory limitations. 11 U.S.C.A. § 326 (a). Pursuant to the Bankruptcy Code, trustee compensation may not exceed a certain percentage of the total amount

4

distributed by the estate.[2] *Id.* In addition, if the case involves conversion to Chapter 7 from any other chapter, administrative expenses incurred in Chapter 7 have priority over administrative expenses incurred in any other chapter. 11 U.S.C.A. § 726 (b). Thus, if the estate lacks sufficient funds to pay all administrative expenses, former attorneys and trustees will not be paid unless the administrative expenses incurred in Chapter 7 are first paid in full.

At this point, there is no way to determine what the total amount distributed by the estate will ultimately be. Thus, it is uncertain whether the award to Johnson will have to be adjusted in the future. With respect to the award to Shulman Rogers, although it is not subject to the § 326(a) cap, it has lower priority than administrative expenses incurred in Chapter 7. Therefore, it may be subject to further modification, in case the estate lacks sufficient funds to pay all the administrative expenses.

Because the underlying bankruptcy proceeding has not yet concluded, and because the final amounts of the compensation awards remain undetermined, the Bankruptcy Court's orders granting administrative expenses are interlocutory. As such, this Court lacks jurisdiction to review them at the present time.

### C. Remaining Claims

The Byrds also allege that the Bankruptcy Court erred when it allowed the Chapter 11 trustee to show the Byrds' property to prospective buyers on twenty-four hours' telephonic notice (Appellants' Br. 40). The Byrds argue that because the appeal of the appointment of a Chapter 11

---

[2] In a Chapter 7 case, trustee compensation may not exceed 25 percent of the first $5,000 or less, 10 percent on any amount in excess of $5,000 but not in exceed of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of $1 million, and reasonable compensation not to exceed 3 percent on any amount in excess of $1 million, of the moneys disbursed or turned over in the case to parties in interest. 11 U.S.C.A. § 326 (a).

trustee was pending in the District Court, the Bankruptcy Court had no jurisdiction to grant this order at that time. This issue has been rendered moot given the fact that the property was never sold and the bankruptcy proceeding has been converted to Chapter 13 and subsequently to Chapter 7.

Finally, the Byrds contend that the Bankruptcy Court committed error in its order granting the Chapter 7 trustee's request for fees (Appellants' Br. 41). The Bankruptcy court found that the Chapter 7 trustee was entitled to an award of attorneys' fees as a component of a contempt finding. The Byrds argue that this finding was not supported by sufficient evidence. For the reasons stated above, this fee-award order is also pure interlocutory in nature and is not yet subject to review.

### III.   CONCLUSION

For all of the aforementioned reasons, the Court will GRANT Appellees' Motion to Dismiss for Lack of Jurisdiction. [4]  An Order consistent with this Opinion will follow.

Date:  April 7, 2006                                    /s/
                                            Alexander Williams, Jr.
                                            United States District Court Judge

6