

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at GREENBELT

THOMAS J. CATLIOTA
U. S. BANKRUPTCY JUDGE

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| **Ralph T. Byrd** | * | |
| **Beverly Byrd** | * | Case No.   04-35620-TJC |
| | * | (Substantively consolidated with |
| | * | 01-25006-TJC) |
| | * | |
| Debtors | * | (Chapter 7) |

**MEMORANDUM OF DECISION GRANTING IN PART AND DEFERRING IN PART SECOND APPLICATION OF SHULMAN, ROGERS, GANDAL, PORDY & ECKER, P.A., FOR ALLOWANCE OF ADMINISTRATIVE CLAIM FOR PROFESSIONAL SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES**

Before the Court is the Second Application of Shulman, Rogers, Gandal, Pordy & Ecker, P.A., for Allowance of Administrative Claim for Professional Services Rendered and for Reimbursement of Expenses (the "Application") (Docket No. 460), filed by James Hoffman (the "Applicant") on November 15, 2006. The Debtors filed an Opposition to Administrative Claims (the "Opposition") on December 8, 2006. Docket No. 479. Oral argument is deemed unnecessary because the facts and legal arguments

1

are adequately presented in the parties' briefs and the exhibits submitted in support. See Local Rule 9013-1(b)(4).[1]

In the Application, the Applicant seeks fees and expenses in the amount of (1) $39,943.00 for fees incurred and $2,875.74 for expenses rendered in connection with services provided while the case was in Chapter 13 (the "Chapter 13 Request"); and (2) $39,543.00 for fees incurred and $2,469.93 for expenses rendered in connection with services provided after the case was converted to Chapter 7 on March 20, 2006 (the "Conversion Date") through September 30, 2006 (the "Chapter 7 Request"). The Court will bifurcate its ruling on the Application. For the reasons stated herein, the Court will grant the Chapter 7 Request. The Court will defer to a later date the resolution of the Chapter 13 Request, without prejudice to Applicant's claim for approval of the Chapter 13 Request. Accordingly, the remainder of this memorandum addresses only the Chapter 7 Request except as may be specifically noted herein.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334, 157(a), and Local Rule 402 of the United States District Court for the District of Maryland. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

1. **The Chapter 7 Request constitutes reasonable compensation for actual and necessary services performed by the Applicant**.

The Applicant was approved as special counsel for Gregory Johnson, the Chapter 7 Trustee (the "Trustee") by order dated August 29, 2006. Docket No. 393. The approval order followed a lengthy hearing in which the Debtors contended that the Applicant should not be retained as special counsel because of an alleged conflict of interest. According to the Debtors, the conflict arose because the Applicant represented

---

[1] The notice of application, which was served on the Debtors on November 15, 2006, specifically provided that the Court could enter an order approving the application without a hearing

2

Platinum Financial Services, Inc., the creditor that filed the involuntary petition against Ralph T. Byrd.  Because the Debtors had previously asserted on a number of occasions that the Applicant was the subject of a debilitating conflict of interest, and notwithstanding the fact that the two prior judges that had presided over this case had approved Applicant's retention in the earlier chapters of this case (Docket Nos. 103 and 296 in Case No. 01-25006),[2] the Court gave the Debtors every opportunity to establish the basis for their claim of conflict.  The Court issued an extensive bench ruling in which it addressed all of the Debtors' allegations of alleged conflict.  Subsequently, on August 29, 2006, the Court entered an order providing in part as follows:

> the Court finding and concluding that Shulman Rogers represents no interest materially adverse to said Trustee or the Estate in the matters upon which it is to be engaged, and that the employment of Shulman Rogers is necessary and would be in the interests of the Estate, and that the case is one justifying a general retainer, and in addition the Court finding and concluding that Shulman Rogers also would qualify for employment under 11 U.S.C. §327(a) because, pursuant to 11 U.S.C. §327(c),  no actual conflict exists as a result of Shulman Rogers' prior representation of Platinum Financial Services Corporation and no creditor or the United States Trustee has objected to Shulman Rogers' retention, and for the reasons stated in the bench ruling on the record at the conclusion of the hearing on August 21, 2006 . . . .

---

[2] Specifically, on August 26, 2002, Roger Schlossberg, the then chapter 7 Trustee, filed an application to employ the Applicant as special counsel to the estate.  Docket No 77 entered in Case No. 01-25006.  On December 6, 2002, the Court authorized the Chapter 7 Trustee to employ the Applicant as special counsel to the estate.  Docket No. 103 in Case No 01-25006.  The Applicant served as special counsel to the Chapter 7 Trustee from December 6, 2002 through June 25, 2004.  On June 25, 2004, this Court granted an order to convert the case from Chapter 7 to Chapter 11 at the Debtor's request.  On July 23, 2004, Greg Johnson was appointed the Chapter 11 Trustee. On August 30, 2006, Mr. Johnson filed an application to employ the Applicant as special counsel to the estate.  Docket No. 260 in Case No. 01-25006.  On October 5, 2004, this Court entered an Order Authorizing the Employment of the Applicant as special counsel to the Chapter 11 Trustee to be nunc pro tunc to July 23, 2004. Docket No 296 in Case No. 01-25006.

3

Docket No 393.  The order approving the Applicant as special counsel for the Trustee in this Chapter 7 case was not appealed by the Debtors.  Accordingly, the Applicant has served as special counsel to the Trustee from the Conversion Date through the present, although in the Chapter 7 Request, the Applicant seeks only fees and expenses from the Conversion Date through September 30, 2006 at this time, subject to making further applications as applicable.

The Court has reviewed the Application thoroughly.  The Court finds and concludes that the fees incurred by the Applicant from the Conversion Date through September 30, 2006, are reasonable compensation for the actual and necessary services rendered by the Applicant in this case pursuant to 11 U.S.C. § 330(a)(1).  The Court further finds and concludes that the expenses sought during that period constitute reimbursement for actual, necessary expenses also pursuant to 11 U.S.C. § 330(a)(1).  In making these determinations, the Court has considered the nature, extent and value of such services, taking into account the factors enumerated under 11 U.S.C. §330(a)(3).

In particular, the Court finds that the Application contains a thorough and detailed description of the services provided by the Applicant, the need for the services and the results of those services. The Application properly groups the various services performed by the Applicant into categories, and describes the work done in each category and amount of time devoted to each category.  The Court has reviewed these categories and the work done within each category and has determined that the services performed were actual and necessary, and were appropriate services to be performed by counsel.  The Court also finds that the Application properly analyzes the fee request under the well-

4

established twelve-factor analysis enumerated in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974).

In particular, during the period covered by the Chapter 7 Request, the Debtors fought the recent conversion of the case to Chapter 7, sought reconsideration of the conversion order and prosecuted an appeal of the conversion order. Also during the period, the Debtors filed a motion to strike the appointment of the Trustee, and objected to the Trustee's application to employ the Applicant. The Debtors objected to the Trustee's motion to compel payment of the funds held by the Chapter 13 trustee pursuant to 11 U.S.C. §§ 1326(a)(1) and (2). The Debtors filed a motion to prevent the Trustee from holding the statutorily required meeting of creditors under Section 341 of the Bankruptcy Code. The Debtors objected to the Trustee's motion to employ a real estate agent, and to the Trustee's motion to employ a company to assist the Trustee in removing the Debtors' personal property from their residence. The Court held at least four lengthy hearings during the period covering many of the motions and matters described above, as well as matters that were filed before the application period. As a result of the Applicant's services, the Trustee prevailed in all of these matters. The Debtors filed motions to reconsider, motions to stay and notices of appeals of many of these matters. The Applicant has prevailed in virtually all of those as well,[3] at least those that have been ruled on to date.

---

[3] The Court granted the Debtors' motion for reconsideration of its initial ruling on the motion to compel the turnover of the Chapter 13 fees. The Court had initially granted the motion to compel because the Debtors' failed to object to it and granted the motion for reconsideration to relieve the Debtors of the effect of their default in responding. After the Court granted the Debtors' reconsideration motion and set the motion to compel in for hearing, the Trustee prevailed on the merits of the motion to compel. See Docket Nos. 327, 346, 401.

5

During the application period, in addition to responding to the actions of the Debtors, the Applicant also assisted the Trustee in his efforts to administer the case and estate. As examples, the Applicant sought to have the Debtors leave their residence so that the Trustee could market and sell it, conducted the lengthy Section 341 meeting of creditors, assisted the Trustee in seeking information and documents from the Debtors over their objection, and assisted the Trustee in obtaining court approval of the retention of a real estate agent and moving company. These activities were appropriate services to be performed by counsel, especially in this case where the Debtors tend to object to or challenge virtually every action taken by the Trustee. See infra.

The Court further finds and concludes that the time spent and the hourly rates charged in connection with the above matters and the other matters described in the Application are reasonable and appropriate. The Applicant, as an officer of the Court, represents that significant attorney time was incurred in this representation which the Applicant did not record and for which the Applicant does not seek to be compensated. The Applicant states that it does not bill all time incurred in this case because of the collectibility concerns arising from the four year delay in receiving any payment in this case and the potential that the estate is administratively insolvent – and hence it is hesitant to create unnecessarily large uncollectible receivables. The Court's review of the actual time spent by the Applicant doing the various tasks set forth in the Application bears this out, as the time spent appears to be very reasonable, in some cases minimal, in light of the services performed and the results achieved.

This judge has presided over this case since shortly after the Conversion Date and has witnessed the efforts of the Applicant. Although this case has not presented any

6

particularly unique, novel or complicated issues of law or fact while this judge has presided over it, the Debtors have made it an excessively costly case. In the six month period between the Conversion Date and September 30, 2006, the docket reflects 164 docket entries. It is safe to say that the Debtors have attempted to employ virtually any procedural avenue they have available to them to stop the efforts of the Trustee to administer this case. This is not necessarily to conclude that the Debtors have acted improperly – to the extent such a finding or conclusion is necessary in this case it will be addressed on another day. The Court does conclude, however, that the Debtors' efforts have resulted in the administration of this case costing far more than this case would otherwise warrant.

      2.    **The objections raised by the Debtors are without merit to the Chapter 7 Request**.

In the Opposition, the Debtors raise four objections to the Application. Each will be addressed in turn.

      a.    **Trustee administrative duties**.

In the Opposition, the Debtors summarily contend that the Application should be denied <u>in its entirety</u> because it does not show the need for counsel services separate from the Trustee's duties. The Debtors rely on <u>In re Computer Learning Centers, Inc.</u>, 272 B.R. 897, 903 (E.D. Va. 2001) for the proposition that counsel may not be retained at the expense of the estate to perform trustee's duties. However, although the Debtors cite the foregoing proposition from the <u>Computer Learning Centers</u> case – <u>i.e.</u>, that bankruptcy counsel may not be retained to perform duties of the trustee – they simply state in conclusory terms that the principle has been violated. No facts or support for that violation is given.

In this instance, the Applicant submitted Exhibit B to the Application, which contained detailed time records for the services for which the Applicant seeks compensation. Each individual time entry describes with particularity the work for which compensation is sought. Further, as stated above, the Application itself contains a thorough and detailed description of the services performed, including grouping the services into categories of work performed. The Court has reviewed the time entries and the Application and finds and concludes that none of the entries are ministerial or administrative duties of the Trustee. Also, as stated above, the Court finds and concludes that the services performed by the Application were actual and necessary, the compensation sought is reasonable, and the services were appropriate

Despite the fact that the Debtors were served with the Application and Exhibit B twenty-three days before they filed their Opposition, the Debtors fail to cite to a single time entry as an example of the Applicant performing "trustee's duties." The Debtors fail even to describe generally any services the Applicant performed that could fall into the category of "trustee's duties." The Debtors do not dispute that they have been actively involved in extensive litigation with the Applicant representing the Trustee throughout the application period. Yet the Debtors contend that the Application should be denied "in its entirety" because the Application does not show that the services were not merely administrative duties of the Trustee.[4] Debtors' conclusory, unsupported objection is insufficient to raise a bona-fide objection against the thorough, well-supported, complete Application.

---

[4] The Debtors' appear to contend that the Application fails because the Trustee himself did not file any statement in connection therewith. But Sections 330 and 331 of the Bankruptcy Code expressly contemplate that the professional person, not the Trustee, will file the application for allowance of claim. 11 U.S.C. §§330, 331. The Trustee, of course, was served with the Application (Application at p. 29) and has not filed an objection to it.

### b. Applicant's alleged conflict.

The Debtors contend that the Applicant is the subject of a conflict of interest which prevents the Applicant from serving as special counsel to the Trustee or receiving compensation from the estate. As stated above, this Court previously rejected the Debtors' claim that the Applicant was the subject of a debilitating conflict of interest. See supra at p. 2-3. The Debtors did not appeal that ruling, and the findings and conclusion of the Court stand as unchallenged. Considering the extent to which the Court addressed the Debtors' claim of conflict, and that the order was entered a little more than three months ago, the Court sees no reason to take a "second look" at this issue as requested by the Debtor, Opposition at p. 1, (which would be the fourth look when taking into account the prior judges' determinations on the Applicant's retention in the previous chapters.) See also supra at p. 2-3 and n.2. Accordingly, the Court rejects the Debtors' claim that the Application should be denied in its entirety because of the Applicant's alleged conflict of interest.

### c. The Chapter 13 Request.

In their third and fourth arguments, the Debtors address whether Applicant's fees and expenses should be awarded during the period that the case was in Chapter 13. Opposition at p. 3-4. As stated above, supra at p. 2, the Chapter 13 Request of the Application shall be deferred to a later date.

Accordingly, the Court will enter an order granting the Application to the extent of the Chapter 7 Request and deferring the resolution of the Application to the extent of the Chapter 13 Request, without prejudice to Applicant's claim for approval of the Chapter 13 Request at a later date.

9

Copies to:

Debtors
Trustee
Office of the U.S. Trustee
James Hoffman, Special Counsel
All Parties on the Mailing Matrix

**END OF ORDER**