Date signed September 27, 2007



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at GREENBELT

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Ralph T. Byrd, | * | |
| Beverly S. Byrd, | * | Case No.   04-35620-TJC |
| | * | (Substantively consolidated with |
| | * |  01-25006-TJC) |
| | * | |
| Debtors. | * | Chapter 7 |
| | * | |
| | * | |
| | * | Docket Nos. 433 and 520 |
| | * | |
| | * | |
| | * | |
| * * * * * * * * * * * * * | | |

**MEMORANDUM OPINION AWARDING SANCTIONS FOR THE
DEBTORS' FAILURE TO PRODUCE DOCUMENTS AND FINDING THE
DEBTORS IN CONTEMPT FOR VIOLATING THE PRODUCTION
ORDER**

Before the Court is the Motion to Hold Debtors in Contempt and For Award of Monetary Sanctions (the "Contempt Motion") (Docket No. 520), filed by Gregory P. Johnson, the Chapter 7 Trustee (the "Trustee"). In the Contempt Motion, the Trustee seeks to hold Ralph T. Byrd and Beverly S. Byrd (the "Debtors") in contempt for failure to comply with an order of this Court requiring the Debtors to produce documents and information by January 30, 2007. The Trustee also seeks sanctions to compensate the

Trustee for his efforts to obtain the requested information from the Debtors over the past year, which culminated in the Trustee filing the Motion to Compel Production of Documentation and Information by the Debtors, Docket No. 433 ("Motion to Compel") and then the Contempt Motion.  For the reasons stated herein, the Court will award sanctions against the Debtors in favor of the Trustee on behalf of the estate in the amount of $17,293.  The Court also finds the Debtors to be in contempt.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334, 157(a), and Local Rule 402 of the United States District Court for the District of Maryland.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  The following constitutes the Court's findings of fact and conclusions of law.

## I.     FINDINGS OF FACT

This bankruptcy case, and the predecessor bankruptcy case of Ralph Byrd, Case No. 01-25006, has a long and protracted history.  That history has been summarized in a number of recent opinions by this Court. See, e.g., Memorandum of Decision Granting the Motion of the Chapter 7 Trustee to Authorize the Removal of Persons and Property from 4901 Sundown Road, Laytonsville, MD, at pages 2-7 (Docket No. 480).  Contemporaneously herewith, the Court is issuing a Memorandum Opinion Finding the Respondents in Contempt and Awarding Sanctions for Violations of the Automatic Stay, the Barton Doctrine and the Injunction Order.  That Memorandum Opinion provides a summary of this case at pages 4-6 and will not be repeated here.

On April 19, 2006, soon after the case was converted to Chapter 7, the Trustee, through counsel, sent a letter to the Debtors requesting that the Debtors produce various documents and information.  The Trustee had unsuccessfully sought to obtain these

documents prior to the conversion to Chapter 7.  The Debtors did not comply previously or in response to the April 19 letter.  The Trustee sent the Debtors follow-up letters requesting documents dated May 8, 2006, June 9, 2006, and June 16, 2006, to no avail.  The Trustee made another request for documents at the meeting of creditors held on July 21, 2006, and sent yet another follow-up letter dated September 18, 2006, again to no avail.  See Trustee Exhibits 3, 4, 5, 6 and 7.

On October 24, 2006, the Trustee filed the Motion to Compel, Docket No. 433.  The Trustee sought an order requiring the Debtors to produce documents and certain information and imposing sanctions for the Debtors' refusal to do so.

The Court held a hearing on the Motion to Compel on December 1, 2006.  The Trustee testified that the Debtors had refused to produce the requested documents and repeatedly ignored his requests.  He testified about his frustration in dealing with the Debtors and the additional and unnecessary costs the estate was incurring as a result of the Debtors' dilatory and uncooperative tactics.

The Debtors argued that they previously produced for inspection the originals of all of the documents that the Trustee requested.  The Debtors admitted that, of whatever originals they had previously produced, they did not allow the Trustee to either keep the originals or make copies.  The Debtors had no copies, letters, or evidence of any sort to support their contention that they had previously produced originals for inspection.  The Debtors did not introduce any evidence whatsoever in connection with the Motion to Compel; neither Debtor testified.  Ralph Byrd, a Maryland attorney, simply argued from the podium.  Other than their contention that they previously produced some or all of the

requested information, the Debtors offered no other reason for not producing the documents.

At the hearing, the Court announced it would grant the Motion to Compel and give the Debtors until January 30, 2007, to produce the requested information. On December 8, 2006, the Court entered the Order Granting Trustee's Motion to Compel Production of Documentation and Information (the "Production Order"). Docket No. 477. The Court deferred ruling on the Trustee's request for sanctions until after the January 30, 2007, production deadline in the order. Production Order at p. 6. The Debtors filed a motion to reconsider the Production Order, which the Court denied, but they did not appeal the Production Order. See Docket Nos. 489 and 493.

On January 30, 2007, the Debtors sent the Trustee a letter stating that they could not make many of the documents available for production because they were "misplaced during the course of moving." The Debtors did not submit any documents with the January 30 letter.

The Trustee filed the Contempt Motion on February 15, 2007. In it, the Trustee contends that the Debtors failed to comply with the Production Order and should be held in contempt, and the Court should impose sanctions against the Debtors. The Court set a hearing on the Contempt Motion and the sanction request in the Motion to Compel for April 2, 2007.

On the morning of April 2, 2007, the Debtors filed their long-overdue response to the Contempt Motion. Docket No. 533. Along with their response, the Debtors served and filed a fairly extensive amount of documents that purport to be responsive to the Trustee's document request. In their response, the Debtors contested a number of points

raised by the Trustee about the Debtors' conduct throughout this case, but offered no explanation for the delay in producing the required documents until that morning.

The Court sua sponte continued the scheduled hearing to allow the Trustee an opportunity to review the Debtors' document production of April 2nd.  See Order Continuing Hearing on Trustee's Motion for Contempt.  Docket No. 534.  The hearing on the Contempt Motion and the sanction request in the Motion to Compel was rescheduled for April 25, 2007 for 2:00 p.m.

The Trustee's presentation in support of the Contempt Motion and the sanction request took up the afternoon of the April 25 hearing.  The Trustee plainly established that many of the documents produced by the Debtors on April 2 were responsive to the Trustee's earlier letters and the Production Order, and that he was provided no explanation for the Debtor's failure to produce the documents timely.  The Court continued the hearing and advised the Debtor that, at the continued hearing, it expected to hear the Debtors' explanation for their failure to comply timely with the Production Order.  The hearing was continued to July 18, 2007, at which neither Debtor appeared.

The Trustee seeks sanctions for reimbursement of costs and fees in connection with his efforts to obtain the documents and information from the Debtors.  Those efforts include:

- o draft and send the letters dated May 6, 2006; June 9, 2006; June 16, 2006; and September 18, 2006.
- o prepare the Motion to Compel, Docket No. 433;
- o review and consider the Debtors' motion to strike the Motion to Compel (Docket No. 455);
- o review and respond to the Debtors' opposition to the Motion to Compel (Docket No. 456);
- o review and consider the Debtors' motion to reconsider the Production Order (Docket No. 489);

5

- o prepare and file the Contempt Motion (Docket No. 520) and request for expedited hearing thereon (Docket No. 521);
- o review and respond to the Debtors' emergency motion to strike the Motion to Compel (Docket No. 533);
- o review the documents produced belatedly on April 2, 2007;
- o prepare for and attend the hearings scheduled for December 1, 2006, April 2, April 25 and July 18, 2007.

The support for the fees and costs incurred by the trustee was contained in several exhibits. After the conclusion of the hearing, and while the matter was under advisement, counsel for the Trustee filed a fee application. Docket No. 660. As is customary, counsel submitted with the fee application billing records in support of the fees. The application contains the complete billing records of the amount of fees incurred in connection with the Trustee's efforts to obtain the documents, file the Motion to Compel and the Contempt Motion. See Docket No. 660, Exhibit 3 page 1 and 2 of 21; and pages 8 -10 of 21. These amounts are $2,957.00 in connection with the Trustee's efforts to obtain documents (Docket No. 660, Exhibit 3 page 1 and 2 of 21) and $14,336.00 in connection with the Motion to Compel and the Contempt Motion (Docket No. 660, Exhibit 3 pages 8 - 10 of 21). The Court will consider the record of the hearing to be reopened to accept this supplemental information. The Court has reviewed the fees and finds and concludes that the fees incurred are reasonable compensation for actual, necessary services rendered to the Trustee.

The Court further finds that, having reviewed the Debtors' filings set forth above in opposition to the Trustee's efforts to obtain the documentation and information, the Debtors' objections were without merit and filed for the purpose of delay. The Court further finds and concludes that the Debtors had no just cause for their refusal to provide

the documents and information to the Trustee in response to his letters, or for their failure to comply with the Production Order.

## II.     CONCLUSIONS OF LAW

The Bankruptcy Code imposes specific duties on a debtor to cooperate with the trustee and to deliver to the trustee property of the estate and the estate's books and records. Specifically, Section 521(a) provides that a debtor shall:

> (3) If a trustee is serving in the case, cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this title
>
> (4) if a trustee is serving in a case, surrender to the trustee all property of the estate and any recorded information, including books, documents, records, and papers, relating to property of the estate, whether or not immunity is granted under section 344 of this title;…

11 U.S.C. §§ 521(a)(3);(4) (2004).[1] The duties imposed on debtors in Section 521 are essential to the effective and efficient administration of the estate.

A debtor may be sanctioned for failing to cooperate with the trustee. In re Paige, 365 B.R. 632, 638 (Bankr. N.D. Tex. 2007) (citing In re Cochener, 360 B.R. 542 (Bankr. S.D. 2007). For example, in In re Stinson, 269 B.R. 172 (Bankr. D. Ohio 2001) the trustee, at the meeting of creditors, informed the debtor that she would be receiving a tax refund which was property of the estate and requested that the debtor provide copies of the income tax returns and turnover the tax refund when she received it. Id. at 173. When the debtor did not comply, the trustee sent a letter to the debtor requesting that she provide a copy of her tax return and turnover any refund that she had received. Id. In response, the debtor provided copies of her tax returns but did not turnover her tax refund

---

[1] The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), P.L. 109-8, 119 Stat. 23, reordered this provision. Because the Debtors' case was filed prior to the effective date of BAPCPA, the Court will cite to the provision as it stood prior to the effective date of BAPCPA. See P.L. 109-8 § 1501.

7

which the debtor had received.  Id.  Subsequently, the trustee sent another letter requesting the debtor turnover her tax refund and warning the debtor that a motion for turnover would follow if the debtor did not comply.  Id. at 174.  When the debtor did not comply, the Trustee filed a motion for turnover that was granted.  Id.  Again, the debtor failed to turnover the tax refund and the trustee sent another letter warning the debtor that if she didn't comply with the turnover order sanctions would be sought.  Id.  The debtor did not comply and the trustee filed a motion for sanctions.  In that motion, the trustee requested turnover of the tax refund as well as sanctions for the costs and attorneys fees incurred for sending the multiple letters and filing the turnover motion and the sanctions motion.  Id. at 173.  The bankruptcy court granted the trustee's motion for sanctions and stated:

> a chapter 7 debtor has an affirmative duty to cooperate with the case trustee in the administration of the bankruptcy estate…This includes a duty to surrender to the trustee all property of the estate…This duty to cooperate is based upon one of the very simple goals of any chapter 7 case—to maximize the return to creditors through the orderly liquidation of the assets. Where a debtor fails to cooperate with the case trustee, the trustee is then forced to expend estate resources in pursuing the debtor's cooperation, which results in the reduction of the distribution to creditors.

Id. at 176.

The Court concludes that sanctions against the Debtors are in order.  This case typifies the situation contemplated in Stinson, where the conduct of a recalcitrant debtor required the trustee to expend an inordinate amount of estate resources in a wasteful effort to fulfill his duties.  The record here establishes a continuous, ongoing effort by the Debtors to frustrate the Trustee's administration of the estate.  The Debtors have turned a

request for documents by the Trustee into a costly, year-long charade.  The Trustee made numerous attempts to obtain the information without Court intervention, but the Debtors ignored all five letters from the Trustee requesting documents, not to mention the substantial efforts by the Trustee before the case was converted to Chapter 7.

The Debtors offered no plausible explanation for their failure to produce the information.  Their claim that they previously made the originals available was contested by the Trustee under oath, while the Debtors themselves refused even to take the stand in support of their position.  They offered no evidence whatsoever in support of their claim, and admitted they did not allow the Trustee to make copies of the original documents they purportedly previously produced.

Further, the Court finds and concludes that the Debtors willfully refused to comply with the Production Order.  The Court gave the Debtors sixty days to produce documents that had been requested by the Trustee eight months earlier.  Notwithstanding the inordinate amount of time granted to the Debtors, they did not comply with the Production Order.  Moreover, they did not comply until the morning of the hearing scheduled for April 2, 2007, at which hearing the Trustee was seeking the imposition of sanctions and an order of contempt.  The Debtors offered no explanation for their failure to produce the documents on January 30, 2007, or for their delay in producing the documents until April 2, 2007.  The Court has given the Debtors ample opportunity to explain the delay in producing the information; yet the Debtors have failed to do so.

The Court will award sanctions against the Debtors in the amount of $17,293 which represents the Trustee's reasonable and necessary fees and costs of pursuing the

document requests and information, preparing and prosecuting the Motion to Compel, and preparing and prosecuting the Contempt Motion.

The Court also finds the Debtors to be in contempt for their willful violation of the Production Order. A Bankruptcy Court has the power, pursuant to 11 U.S.C. § 105(a) to hold a party in civil contempt and award sanctions. See In re Walters, 868 F.2d 665 (4th Cir. 1989).

> To establish civil contempt, a movant must show each of
> the following elements by clear and convincing evidence:
> (1) the existence of a valid decree of which the alleged contemnor had
> actual or constructive knowledge;
> (2) ...that the decree was in the movant's "favor";
> (3)...that the alleged contemnor by its conduct violated the terms of the
> decree, and had knowledge (at least constructive) of such violations; and
> (4)...that [the] movant suffered harm as a result.

JTH Tax, Inc. v. H&R Block E. Tax Servs., 359 F.3d 699, 705 (4th Cir. 2004) (quoting Ashcraft v. Conoco, Inc., 218 F.3d 288, 301 (4th Cir. 2000)). The purpose of a contempt sanction is "…remedial and intended to coerce the contemnor into compliance with court orders or to compensate the complainant for losses sustained…" as a result of the contemptuous conduct. Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 822 (4th Cir. 2004) (quoting Buffington v. Baltimore County, 913 F.2d 113, 133 (4th Cir. 1990)). To that end, "…a district court has broad discretion to fashion an appropriate coercive remedy in a case of civil contempt, based on the nature of the harm and the probable effect of alternative sanctions." United States v. Darwin Constr. Co., 873 F.2d 750, 756 (4th Cir. 1989).

In this case, Ralph Byrd was in court at the hearing on December 1, 2006, at which the Court announced from the bench that it was going to enter an order granting the Motion to Compel and require the Debtors to produce the documents and information

10

by January 30, 2007.  The Court issued the Production Order on December 8, 2006, requiring the Debtors to produce the documents and information by January 30, 2007.  The Debtors had actual knowledge of the Production Order, including the January 30, 2007 deadline imposed therein, as established by their Motion to Reconsider Order Granting Trustee's Motion to Compel Production of Documents and Information, filed by the Debtors on December 18, 2006.  Docket No. 489.  There, they specifically refer to the Production Order and the January 30 deadline.  Id. at ¶ 2.  The Debtors failed to comply with the Production Order, and were given ample notice and opportunity of the claim of sanctions and contempt against them.  Accordingly, the Trustee has established the elements of contempt.  However, while the Court will enter an order holding the Debtors in contempt, it will not grant sanctions in addition to those granted above for their failure to produce documents and information, because those sanctions include the fees incurred by the Trustee in pursuing the documents and Contempt Motion after the Debtors violated the Production Order.

Finally, as the Production Order is the third order that the Debtors have willfully violated within the past eight months of this case, the Court is denying the Debtors their discharge for the reasons stated in Section II.D. of the Memorandum Opinion Finding the Respondents in Contempt and Awarding Sanctions for Violations of the Automatic Stay, the Barton Doctrine and the Injunction Order, issued contemporaneously herewith.  The basis for the denial of the Debtors' discharge is set forth in detail there.

## III.    CONCLUSION

For the foregoing reasons the Court will enter an order awarding sanctions against the Debtors in the amount of $17,293 to compensate the Trustee for his costs in pursuing the documents and information, and finding the Debtors to be in contempt.

Copies To:
Debtors- Ralph T. Byrd and Beverly S. Byrd
Trustee- Gregory P. Johnson
Trustee's Counsel- James M. Hoffman

**END OF MEMORANDUM**